UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers: ) PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** (filed 11/29/10)

## I. INTRODUCTION

Plaintiff Patricia Pelton filed the instant suit on September 29, 2010, in the Los Angeles Superior Court against defendants Panda Restaurant Group, Inc., Panda Express, LLC, and Jason Wong.[1] Defendants removed to the District Court on November 5, 2010. The complaint alleges claims for (1) harassment (hostile work environment in violation of the Fair Employment and Housing Act, Cal. Govt. Code §§ 12940 et seq. ("FEHA")); (2) failure to prevent harassment/discrimination in violation of section 12940(k) of FEHA; (3) retaliation in violation of FEHA; (4) violation of civil rights under Cal. Civil Code §§ 51.7, 52, and 52.1; (5) wrongful termination in violation of public policy; (6) failure to furnish accurate wage statements in violation of Cal. Labor Code §§ 226(a); and (7) penalties under the California Private Attorneys General Act Labor Code §§ 2698 et seq. Plaintiff brings her sixth claim as a class action on behalf of herself and other current and former employees of defendants Panda Restaurant Group, Inc., and Panda Express, LLC (collectively, "Panda").

///
///
///

---

[1] On February 17, 2011, plaintiff dismissed the action with respect to defendant Jason Wong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

On November 29, 2010, plaintiff filed the instant motion to certify a class with respect to her sixth claim and to appoint class counsel.[2] On December 6, 2010, defendants opposed plaintiff's motion. On December 13, 2010, plaintiff filed a reply in support of her motion. On December 27, 2010, the Court, on its own motion, deferred ruling on the issue of class certification until discovery on the relevant issues had been completed, based on the parties' failure to hold a Rule 26(f) conference or complete discovery prior to briefing the motion. On March 17, 2011, following discovery on the matter, Pelton and Panda filed supplemental briefs with respect to plaintiff's motion. A hearing was held on the matter on March 28, 2011. On April 4, 2011, plaintiff filed a supplemental brief in support of her motion. Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983)). Fed. R. Civ. Proc. 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982).

To certify a class action, plaintiffs must set forth facts that provide prima facie support for the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." Falcon, 457 U.S. at 155 (quoting Califano v. Yamasaki, 442, U.S. 682, 701 (1979)). Before certifying a class, a district court must determine that the

---

[2] Plaintiff originally sought to certify two sub-classes with respect to her sixth claim. In her supplemental brief, she withdraws her request to certify a sub-class to recover penalties pursuant to Labor Code Section 226(e). Pl.'s Supp. Brief at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

requirements of Rule 23 "are actually met, not simply presumed from the pleadings." Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 582 (9th Cir. 2010) (en banc).

If the district court finds that the action meets the prerequisites of Rule 23(a), the court must then consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b). Plaintiff seeks certification under Rule 23(b)(3). A class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members," and where "a class action is *superior* to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998) *(citing* Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997)). The predominance inquiry measures the relative weight of the common to individualized claims. Id. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1189 (9th Cir. 2001) *(*citing Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996)). In determining superiority, the court must consider the four factors of Rule 23(b)(3): (1) the interests members in the class have in individually controlling the prosecution or defense of the separate actions; (2) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely encountered in the management of a class action. Id. at 1190-1993. "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." Id. (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1778 at 535-39 (2d. ed. 1986) (hereinafter "Wright, Miller & Kane")).

## III.   DISCUSSION

The gravamen of plaintiff's sixth claim is her allegation that "Panda failed to provide its California employees accurate wage statements in compliance with Labor Code Section 226(a)(6). Defendants furnished wage statements containing identical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

entries that did not contain 'the inclusive dates of the period for which the employee is paid' to every California employee each regular payday." Mot. at 1. As a result of this violation, plaintiff alleges that members of the class are entitled to "recover the civil penalty as provided for in the Private Attorneys General Act of 2004 ('PAGA') under Labor Code Section 2699(f)(2)." Id. Based on these allegations, plaintiff seeks to certify a class defined as follows:

> All persons employed by Panda Restaurant Group, Inc., or Panda Express, LLC in California from August 27, 2009 to August 27, 2010, who, at the time of each payment of wages, were not furnished with an accurate itemized statement in writing showing 'the inclusive dates of the period for which the employee is paid' as required by Labor Code Section 226(a)(6), entitling members of the Class to recover penalties pursuant to Labor Code Section 2699(f)(2).

Plaintiff argues that this case is "well-suited for resolution on a class-wide basis." Mot. at 10. "Where, as here, 'the claim is that an employer's wage statements violated labor law, the key question for class certification is whether there is a consistent employer practice that could be a basis for consistent liability.'" Id., citing Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 204 (N.D. Cal. 2009). "Here, the allegations and evidence presented . . . are more than sufficient to form a reasonable judgment as to the existence of defective wage statements that were uniformly furnished to California employees thereby warranting certification." Mot. at 10.

With respect to the Rule 23(a), plaintiff argues that she meets all four requirements. Id. First, she argues, the "class, at approximately 6,000 putative class members, is sufficiently numerous." Id., citing Cheung Decl. ¶ 3, Exh. A to Cheung Decl. Next, she argues that there are sufficient common legal and factual questions. Specifically, she argues, the primary questions are: (1) "Whether, at the time of each payment of wages, Defendants failed to furnish Plaintiff and each member of the Class with an accurate itemized statement showing the' inclusive dates of the period for which the employee is paid"; (2) "Whether class members are entitled to recover civil penalties under the Labor Code Private Attorneys General Act of 2004, California Labor Code Section 2698 et seq., as provided for in Labor Code Section 2699(f)(2)." Id. at 11. Third, plaintiff argues that her claims are typical of the class because her "Earnings Statements are identical to the Earning Statements furnished to all of Defendants' California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

employees concerning the pay period." Id. at 12. Moreover, plaintiff argues, "neither showing of actual injury nor intentional or knowing conduct is required to recover." Id. at 13. Lastly, plaintiff argues that she is an adequate representative. Id. "Plaintiff has shown her willingness to vigorously prosecute this action not only on behalf of herself, but on behalf of other class members. Plaintiff has made herself available for many hours of consultation whenever needed, and has obtained and furnished critical documentary information, and is fully committed to fulfilling the requirements of class representation." Id.

Plaintiff also argues that her claim meets the requirements of 23(b)(3). First, she argues, the only question of fact is whether defendant provided accurate wage statements pursuant to section 226(a)(6). "Panda does not dispute that it failed to furnish the beginning [sic] pay period and only provided the end date on the wage statements to its California employees. No further factual proof is needed for the Defective Wage Statement Class seeking PAGA penalties." Id. at 14-15. Additionally, plaintiff argues, class treatment is a superior method of adjudication for this action. Considering the factors that lead to this conclusion, plaintiff first argues that individual damages in this case are relatively low, and therefore "individual actions are highly unlikely to occur." Id. at 17. Next, plaintiff contends that "there are no known other actions already commenced by members of the class asserting a wage statement violation under state law." Id. at 17. Further, plaintiff argues, it "makes sense to concentrate these claims in this forum" because "the defective wage statements at issue were furnished to employees all over California." Id. at 18. Lastly, plaintiff argues, she is "unaware of any difficulties likely to be encountered in the management of this action which would preclude its maintenance as a class action." Id. at 18.

Plaintiff additionally requests that the Court appoint William S. Waldo, Vincent Calderone, and the Bononi Law Group, LLP as counsel for the class. Id. Plaintiff contends that counsel have identified and investigated the potential claims, that they have experience and knowledge in employment law and have engaged in class actions with respect to California state wage/hour law specifically. Id. at 19. Moreover, plaintiff asserts that "Bononi Law Group, LLP has committed the necessary resources to fulfilling obligations to the class, and will continue to do so." Id. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

In opposition, defendant states that "[u]ntil recently, Panda's statements inadvertently did not include the starting date, but did not include the ending date. Plaintiff raised the issue by notifying Panda and the California Labor Workforce Development Agency ('LWDA') of the omission; the LWDA stated that it would investigate, and in the meantime, Panda immediately corrected the oversight.[3] This should have ended the issue: the problem was fixed; there was no harm; and, the State was investigating the situation." Opp. at 1.

With respect to plaintiff's putative class claim, defendant argues that the class should not be certified because plaintiff is "an inadequate class representative pursuant to F.R.C.P. 23(a)(4) because her deposition reveals that she lacks any credibility." Supp. Opp. at 5. Defendant argues that her "testimony is inherently unreliable, biased, and contradictory," citing portions of her deposition testimony with respect to the contents of the wage statements and the alleged resulting confusion. Id. at 5-7. Defendant argues that the instant case is analogous to Dubin v. Miller, 132 F.R.D. 269 (D. Colo. 1990) and Savino v. Computer Credit, Inc., 164 F. 3d 81, 81 (2d Cir. 1998). Id. at 8. "In the instant action, Plaintiff, like the plaintiff in Dubin, contends that Wong threatened to kill employees. Like the plaintiff in Savino, she also contradicted her sworn declaration and Verified Complaint testimony on a variety of occasions on issues critical to her legal action. Her deposition reveals that she is evasive, confusing, and prevaricating. Should

---

[3]After the initial briefs on this motion were filed, the LWDA notified the parties that it had completed its investigation of the matter. The notice stated that "[t]he investigation did not result in any citations being issued and our files have been closed." Def's Application to File Surreply at 1. Defendant argues that this decision precludes plaintiff's action. "Any attempt by Plaintiff to assess civil penalties that the LWDA would not assess runs in direct conflict with the LWDA, which is necessarily a principal putative class member. As such, Plaintiff is an inadequate class representative under FRCP 23(a)(4)." Id. at 2. Plaintiff argues that this conclusion is incorrect, as section 2699.3(a)(2)(B) provides that "by having LWDA specify that it will not issue a citation, this simply means that the aggrieved employee may commence a civil action pursuant to Section 2699." Pl.'s Application to File Surreply at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

the case proceed, her credibility will be subject to successful attack by Panda thus rendering her a woefully inadequate class representative." Id. at 8.

Additionally, defendant argues that the class should not be certified because plaintiff "lacks any PAGA injury. It is, after all, elementary that in order to support class certification, the named plaintiff must suffer the same or similar injury with those of absent class members." Id. at 9. Defendant argues that plaintiff cannot demonstrate that she shares a common injury with putative class members because section 2699(f) civil penalties are not available at all for the alleged violation. Defendant contends that because section 2699(f) is only applicable to violations for which there are not otherwise civil penalties, and section 226.3 already provides civil penalties for violations of section 226(a) in certain limited circumstances, no such recovery is available based on an alleged violation of section 226(a). Id. at 10-11. Moreover, defendant argues, because the violations at issue in the instant case were "inadvertent," plaintiff is not entitled to recover under section 226.3.

Further, defendant argues, "[e]ven if Plaintiff could meet the typicality requirement, her PAGA class also fails because whether Plaintiff and each putative class member is entitled to a civil penalty rests is, pursuant to PAGA, an individualized case." Id. at 14. Defendant's argument is based on the plain language of the statute, which states: "In any action by an aggrieved employee seeking recovery of a civil penalty available under subdivision (a) or (f), a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Id. at 14. Defendant argues that, based on this language, the Court would be required to do an individualized assessment of each claim, thereby making class treatment inappropriate. Id.

Preliminarily, the Court finds that the decision by the LWDA not to issue a citation does not preclude plaintiff from bringing a claim on behalf of a putative class. In fact, as argued by plaintiff, such a decision must be made before an individual plaintiff can bring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

a claim under PAGA.[4]  Waisbein v. UBS Financial Services, Inc. 2007 WL 4287334 (N.D. Cal. 2007) ("As the California Court of Appeal has stated, '[PAGA] empowers or deputizes an aggrieved employee to sue for civil penalties' on behalf of himself or herself and other current or former employees 'as an alternative to enforcement by the [State].' *See Dunlap v. Superior Court*, 142 Cal. App. 4th 330, 337 (2006) . . . . Indeed, as noted, a PAGA claim can only be filed where the State has made an affirmative decision not to pursue the matter, either by deciding not to investigate at all or by investigating and then deciding the employer should not be cited and subjected to penalties").

Further, the Court finds that the class should be certified because plaintiff has demonstrated that the requirements of 23(a) and 23(b)(3) have been met.  The Court does not find defendant's arguments with respect to plaintiff's adequacy persuasive.  To the extent that these arguments are based on alleged lack of credibility, the Court finds that the only inconsistency relevant to the instant dispute is the alleged inconsistency between plaintiff's verified complaint and her sworn testimony.  Plaintiff has offered a sufficient explanation of the apparent discrepancy between the complaint's allegation that "no dates" were included on her paystubs and her testimony that the paystubs did not include the end dates of pay periods but did include the starting dates of the pay period.  Moreover, because defendant admits that the paystubs did not in fact provide end dates, plaintiff's view of this issue is not material.  The Court is also not persuaded that her deposition testimony is "inherently unreliable [or] biased" such that it would preclude her from acting as an adequate representative of the class.  The Court further finds that plaintiff has demonstrated that plaintiff's counsel will represent the class adequately in light of the uncontroverted evidence that they have effectively represented plaintiff in the current action and that they that they have experience and knowledge in employment law and California state wage and hour law specifically.

Further, the Court rejects defendant's argument that plaintiff "lacks any PAGA injury."  Pursuant to Cal. Labor Code § 2699, "any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . may, as an alternative, be recovered through a civil action brought by an

---

[4] However, the Court acknowledges that this finding may have some relevance on the question of the amount of penalties awarded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

aggrieved employee on behalf of himself or herself and other current or former employees." Sections 2699.5 and 2699.3(a) provide that such a claim may be brought for a violation of § 226(a), so long as a number of conditions precedent have been met, (including the filing of a complaint with the Labor and Workforce Development Agency). Therefore, the Court concludes that the violation of 226(a) alleged by plaintiff is a proper predicate violation on which to base her putative class PAGA claim.

Moreover, the Court concludes that the civil penalties outlined in section 2699(f) are applicable here. By the clear terms of section 226.3, the civil penalties therein provided are applicable only when the alleged violation of 226(a) is a failure to provide wage statements or a failure to keep records. That is not the case here, where the allegation is that wage statements were provided, but that they did not conform with the requirements of section 226(a). Therefore, because civil penalties are not specifically provided for the violation at issue, section 2699(f) provides the available penalties.

The Court also concludes that the exercise of the discretion granted to it by section 2699(e) to limit the penalties recovered will not require it to determine penalties, if any, on a case-by-case basis. This is so because defendants' admitted conduct involves identical pay statements issued to approximately 6,000 employees. While section 2699(e) requires the Court to consider damages on a case-by-case basis to avoid an "award that is unjust arbitrary and oppressive, or confiscatory," nothing contained therein precludes the Court from assessing on a class-wide basis whether penalties should be reduced when the facts as to each employee are, as in this case, identical.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion for class certification with respect to her sixth claim, certifying the class defined as:

> All persons employed by Panda Restaurant Group, Inc., or Panda Express, LLC in California from August 27, 2009 to August 27, 2010, who, at the time of each payment of wages, were not furnished with an accurate itemized statement in writing showing 'the inclusive dates of the period for which the employee is paid' as required by Labor Code Section 226(a)(6), entitling members of the Class to recover penalties pursuant to Labor Code Section 2699(f)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

The Court additionally appoints William S. Waldo, Vincent Calderone, and the Bononi Law Group, LLP as counsel for the class.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |