UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Vincent Calderone<br>William Waldo | Jack Sholkoff<br>Daphne Bishop |

**Proceedings:** **DEFENDANTS PANDA RESTAURANT GROUP, INC. & PANDA EXPRESS, LLC'S MOTION FOR RECONSIDERATION OF 5/3/11 ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** (filed 05/23/11)

## I. INTRODUCTION

Plaintiff Patricia Pelton filed the instant suit on September 29, 2010, in the Los Angeles Superior Court against defendants Panda Restaurant Group, Inc., Panda Express, LLC, and Jason Wong.[1] Defendants removed the case to the District Court on November 5, 2010. The complaint alleges claims for (1) harassment (hostile work environment in violation of the Fair Employment and Housing Act, Cal. Govt. Code §§ 12940 et seq. ("FEHA")); (2) failure to prevent harassment/discrimination in violation of section 12940(k) of FEHA; (3) retaliation in violation of FEHA; (4) violation of civil rights under Cal. Civil Code §§ 51.7, 52, and 52.1; (5) wrongful termination in violation of public policy; (6) failure to furnish accurate wage statements in violation of Cal. Labor Code §§ 226(a); and (7) penalties under the California Private Attorneys General Act Labor Code §§ 2698 et seq. Plaintiff brings her sixth claim as a class action on behalf of herself and other current and former employees of defendants Panda Restaurant Group, Inc., and Panda Express, LLC (collectively, "Panda").

---

[1] On February 17, 2011, plaintiff dismissed the action with respect to defendant Jason Wong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

On November 29, 2010, plaintiff filed a motion to certify a class with respect to her sixth claim and to appoint class counsel.[2] On December 6, 2010, defendants opposed plaintiff's motion. On December 13, 2010, plaintiff filed a reply in support of her motion. On December 27, 2010, the Court, on its own motion, deferred ruling on the issue of class certification until discovery on the relevant issues had been completed, based on the parties' failure to hold a Rule 26(f) conference or complete discovery prior to briefing the motion. On March 17, 2011, following discovery on the matter, Pelton and Panda filed supplemental briefs with respect to plaintiff's motion. On May 3, 2011, the Court granted plaintiff's motion for class certification.

On May 23, 2011, defendants filed the instant motion for reconsideration of the Court's May 3, 2011 order. On May 31, 2011, plaintiff filed an opposition to defendants' motion. On June 6, 2011, defendants filed a reply in support of their motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which this Court may reconsider "the decision on any motion:"

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any

---

[2] Plaintiff originally sought to certify two sub-classes with respect to her sixth claim. In her supplemental brief, she withdraws her request to certify a sub-class to recover penalties pursuant to Labor Code Section 226(e). Pl.'s Supp. Brief at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### III. DISCUSSION

In their motion to reconsider, defendants object primarily to the Court's finding that the civil penalties outlined in section 2699(f) are applicable here with respect to the alleged violations of section 226(a). Defendants assert that the Court should reconsider its finding, in light of a "communication by the Labor Commissioner's counsel, writing on behalf of the Labor Commission to the California Court of Appeal" in connection with a non-party's request to modify the decision in Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement, 192 Cal. App. 4th 75 (2011). Mot. at 4. Defendants contend that reconsideration on the basis of this letter is appropriate because the letter indicates that the Labor Commissioner's position is that "section 226.3 covers all violations of 226(a). Section 226.3 is not limited to situations in which the employer fails to provide a pay stub at all, or fails to keep appropriate records." Mot. at 4. Therefore, defendants argue, the Court should determine that plaintiff's remedy is limited to that provided in section 226.3, for which she is not eligible because "Panda's omission of the starting date of the pay period was inadvertent." Id. at 6.

Plaintiff argues that the instant motion is improper because it provides no basis on which the Court should reconsider its ruling. First, plaintiff argues, the letter (the "Hipshman Letter") does not constitute "new facts or law" as contemplated in Local Rule 7-18, as it was available at least one month before defendants filed their supplemental points and authorities in opposition to the class certification motion.[3] Opp. at 3-4. Moreover, plaintiff argues, "[t]he California Supreme Court has already held that the DLSE Manual . . . is irrelevant and entitled to no weight in interpreting the statute at issue." Id. Plaintiff further argues that even if the Court were to consider defendants' motion, it should additionally be denied because the Court's statement of the law in its May 3, 2011 order was correct, and consistent with other district court decisions allowing

---

[3] In reply, defendants suggest that the Court could consider the motion as one to decertify the class pursuant to Fed. R. Civ. Proc. 23(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

plaintiffs to seek PAGA penalties for violations of Section 226(a)(6) on similar grounds. Id. at 5-6, citing McKenzie v. Federal Express Corporation, 2011 WL 1757538 at 5-6 (C.D. Cal. April 14, 2011).

The Court DENIES defendants' motion to reconsider its order on plaintiff's motion for class certification. As an initial matter, the Court finds that defendants present no new facts or law. The only new material submitted is the Hipshman Letter, which was filed February 4, 2011. Defendants' supplemental brief in opposition to plaintiff's motion for class certification was filed on March 17, 2011, and the order on the motion was not issued until May 3, 2011. While the declaration of Daphne Bishop, defendants' counsel, states that defendants' counsel "did not learn of this letter, or receive a copy of it" until after the Court's hearing on plaintiff's motion, it appears that the information was discoverable before that time. Bishop Decl. at ¶ 3. If defendants wanted to bring this letter to the Court's attention, they had ample opportunity to do so far in advance of the Court's ruling on plaintiff's motion.

Even if the letter were "new," however, it does not constitute binding authority that would require the Court to change its ruling, even assuming it is an official opinion of the DLSE. Heritage Residential Care, 192 Cal. App. 4th at 82 ("'While the DLSE's construction of a statute is entitled to consideration and respect, it is not binding and it is ultimately for the judiciary to interpret this statute.'" )(quoting Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094, 1106 (2007)).

Moreover, the Court does not believe that the Hipshman Letter compels the result defendants desire. If the Court were to follow the Hipshman Letter, class certification would still be proper; plaintiffs would simply be eligible for PAGA penalties under section 2699(a) rather than section 2699(f). As articulated in the Hipshman Letter, the DLSE's position is that civil penalties are available for <u>all</u> violations of section 226(a), which would presumably include the violation alleged herein by plaintiff. See Ex. A to Mot., Hipshman Letter at 3 ("Not, as suggested by CELC . . . can only a failure to issue a deduction statement . . . result in penalties under § 226.3. Inserting the words 'with *certain of the section 226(a) requirements*' suggested by CELC [sic] not only courts but others involved in future actions, and indeed employers could be misled into believing that compliance with all requirements of Section 226(a) is not a mandatory responsibility of employers." (emphasis in original)). This approach is inconsistent with that of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8458 (MANx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | PATRICIA PELTON, ETC. v. PANDA RESTAURANT GROUP, INC.; ET AL. | | |

defendants, who suggest that penalties should generally be awarded only "for serious violations when the employer fails to provide any wage statement or fails to keep records." Mot. at 8.

Defendants' reliance on the "inadvertence" of their noncompliance with section 226(a) to avoid section 226.3 penalties is also misplaced. First, the Court does not find that the Cheung Declaration necessitates a conclusion that the noncompliance was "inadvertent" as defined in Heritage Residential Care. Moreover, section 226.3 requires that the Labor Commissioner, or, here, the Court, "consider" whether the violation was inadvertent, but leaves it to the Commissioner's (or the Court's) discretion not to penalize an employer for an employer's first violation. Therefore, the Court concludes that even if PAGA penalties were more properly calculated under section 226.3 and 2699(a), as opposed to section 2699(f), it would still be proper for the class to proceed. The Court's ability to adjust the damages awarded in its discretion does not alter this result.[4]

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion for reconsideration.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[4] The Court noted in its May 3, 2011 order that it would also have discretion to reduce the penalties awarded if the class were to proceed under section 2699(f), pursuant to section 2699(e).