BONONI LAW GROUP, LLP
William S. Waldo (State Bar No. 073973)
Peter C. Flanderka (State Bar No. 144538)
915 Wilshire Boulevard, Suite 1950
Los Angeles, California  90017
Telephone:   (213) 553-9200
Facsimile:    (213) 553-9215
wwaldo@bononilawgroup.com
pflanderka@bononilawgroup.com

Attorneys for Plaintiff
Patricia Pelton

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA PELTON, on behalf of herself and all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PANDA RESTAURANT GROUP, INC., a California Corporation; PANDA EXPRESS, LLC, a business entity; JASON WONG, an individual, and Does 1 through 50, inclusive,<br><br>Defendants.<br><br>_____ | Case No. **10-CV-08458-CAS (MANx)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND TAXABLE AND NON-TAXABLE COSTS AND EXPENSES, CLASS REPRESENTATIVE ENHANCEMENT, AND APPROVAL OF SETTLEMENT OF PLAINTIFF'S INDIVIDUAL CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration and Exhibits Filed Concurrently Herewith*]<br><br>Date:          July 9, 2012<br>Time:         10:00 a.m.<br>Courtroom:  5 |

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on July 9, 2012 at 10:00 a.m. or as soon

3  thereafter as the matter may be heard in the courtroom of the Honorable Christina

4  A. Snyder of the above-entitled court, located in Courtroom 5, 312 North Spring

5  St., Los Angeles, California 90012, Plaintiff will and hereby does move (1) for an

6  Award of attorneys' fees and taxable and non-taxable costs and expenses in the

7  amount of $248,933.36; (2) for an order approving a class representative

8  enhancement for Plaintiff in the amount of $5,000.00; and (3) for an order

9  approving settlement of Plaintiff's individual Labor Code Section 226(e) claims

10  for $4,000.00.

11          This Motion is made pursuant to Federal Rule of Civil Procedure 23(e). This

12  motion will be based on this Notice of Motion and Motion, the Memorandum of

13  Points and Authorities, the Declaration and Exhibits filed herewith, the pleadings

14  and papers filed in this action, as well as any further documentation submitted to

15  the Court and oral argument of counsel.

16

17  Dated: June 1, 2012                    BONONI LAW GROUP, LLP

18

19                                    By:    /s/ William S. Waldo, Esq.
                                           William S. Waldo
20                                          Peter C. Flanderka
                                           Attorneys for Plaintiff
21                                          Patricia Pelton

22

23

24

25

26

27

28

---

NTC OF MTN AND MTN FOR AWARD OF ATTNYS' FEES & COSTS; MEMO OF Ps & As

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv-vi

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . 1

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.   Plaintiff Files a Hybrid Complaint in Superior Court  . . . . . . . . . . . 1

     B.   Plaintiff Dismisses the Individual Defendant and her Individual
          Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     C.   The Court Certifies a PAGA Class and Orders Notice of the Action to
          be Mailed to the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     D.   Discovery and Investigation Conducted By Plaintiff . . . . . . . . . . . . 3

     E.   Panda Files Dispositive Motions  . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     F.   The Parties Negotiate a Settlement Through Mediation . . . . . . . . . . 5

          1.   Class Definition  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          2.   Class Settlement Amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          3.   PAGA Penalty Award to the LWDA . . . . . . . . . . . . . . . . . . . 6

          4.   Individual Settlement Awards  . . . . . . . . . . . . . . . . . . . . . . . . 6

          5.   Additional Settlement Payment to Plaintiff  . . . . . . . . . . . . . 7

          6.   Attorneys' Fees, Costs and Expenses . . . . . . . . . . . . . . . . . . . 7

          7.   Class Representative Enhancement Fee . . . . . . . . . . . . . . . . . 7

          8.   Claims Administrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     G.   The Court Preliminarily Approves the Class Action Settlement . . . . 8

III. ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     A.   The Settlement is "Fair, Adequate and Reasonable" and Should Be
          Granted Final Approval  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          1.   The Risk and Expense of Continued Litigation.  . . . . . . . . . . 9

          2.   Strength of Plaintiff's Case . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3.      The Amount Offered in Settlement  . . . . . . . . . . . . . . . . . . . . . 11

4.      The Extent of Discovery Completed and the Stage of the
        Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5.      The Experience and Views of Counsel . . . . . . . . . . . . . . . . . . 11

6.       The Presence of a Government Participant  . . . . . . . . . . . . . . 12

7.      The Proposed Enhancement Award is Proper  . . . . . . . . . . . 12

8.      The Proposed Payment to the Claims Administrator is
        Reasonable and Proper  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

B.      The Amount Of Attorneys' Fees, Costs and Expenses
        is Reasonable  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1.      The Amount of Hours Worked Is Reasonable . . . . . . . . . . . . . 14

2.      The Hourly Rates are Reasonable  . . . . . . . . . . . . . . . . . . . . . 15

3.      Attorney Hours Worked and Hourly Rates Through May 31,
        2012  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

4.      Plaintiff Has Limited The Attorneys' Fees Request To Work
        Related To the Defective Wage Statement Class Claims . . . . 17

C.      Plaintiff's Request for Reimbursement of Costs and Expenses is
        Reasonable and Proper  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV.    CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

Cases                                                                                  Page(s)

7-Eleven Owners for Fair Franchising v. Southland Corp.,
85 Cal. App. 4th 1135 (2000) .......................................................................... 10, 11

Bussey v. Affleck,
225 Cal.App.3d 1162 (1990) ................................................................................. 18

Davis v. Mason County,
92, 976 7 F.2d 1473 (1991) .................................................................................. 15

Detroit v. Grinnell Corp.,
495 F.2d 448 (2d Cir. 1974) ................................................................................. 11

Grove v. Wells Fargo Financial California,
606 F. 3d 577 (9th Cir. 2010) .............................................................................. 18

Hensley v. Eckerhart,
461 U.S. 424, n. 12 (1983) ................................................................................... 14

In re Business and Sec. Litig.,
1991 U.S. Dist. LEXIS 8962 *2, 7-9 (N.D. Cal. June 14, 1991) ......................... 18

In re FPI/Agretech Securities Litigation,
105 F.3d 469 (9th Cir.1997) ................................................................................. 14

In re GNC Shareholder Litig.,
668 F.Supp. 450 (W.D. Pa. 1987) ........................................................................ 18

In re Southern Ohio Correctional Facility,
175 F.R.D. 270 (S.D. Ohio 1997) ........................................................................ 12

In re Warner Communications Sec.Litig.,
618 F.Supp. 735 (S.D.N.Y. 1985), ...................................................................... 18

Missouri v. Jenkins,
491 U.S. 274 (1989) ....................................................................................... 16, 18

Officers for Justice v. Civil Svc. Comm'n,
688 F.2d 615 (9th Cir. 1982) ....................................................................... 9, 10, 12

Perkins v. Mobile Housing Board,
847 F.2d 735 (11th Cir. 1988) .............................................................................. 14

Rode v. Dellarciprete,
892 F.2d 1177 (3rd Cir. 1990) ......................................................................... 14, 15

Rutter & Wilbanks Corp. v. Shell Oil Co.,
314 F.3d 1180 (10th Cir. 2002) ............................................................................ 10

<u>Salton Bay Marina, Inc. V. Imperial Irrigation District</u>
172 Cal. App. 3d 914, 951 (1985) ........................................................ 16

<u>Torrisi v. Tucson Elec. Power Co.,</u>
8 F.3d 1370 (9th Cir. 1993) ........................................................ 9, 14

<u>Utility Reform Project v. Bonneville Power Admin.,</u>
869 F.2d 437 (9th Cir. 1989) ........................................................ 9

<u>Van Bronkhorst v. Safeco Corp.,</u>
529 F.2d 943 (9th Cir. 1976) ........................................................ 9

<u>Van Vranken v. Atlantic Richfield Co.,</u>
901 F. Supp. 294 (N.D. Cal.1995) ........................................................ 12

<u>Vaughns v. Board of Educ.,</u>
598 F. Supp. 1262 (D. Md. 1984) ........................................................ 16

<u>Vizcaino v. Microsoft Corporation,</u>
290 F.3d. 1043 (9th Cir. 2002) ........................................................ 14

<u>White v. City of Richmond,</u>
713 F.2d, 458 (9th Cir. 1983) ........................................................ 16

<u>Wietzke v. Costar Realty Info., Inc.,</u>
2011 U.S. Dist. LEXIS 20605 at *2, *19-20 (S.D. Cal. Mar. 2, 2011) ................. 12

<u>Wilkerson v. Martin Marietta Corp.,</u>
171 F.R.D. 273 (D.Colo. 1997) ........................................................ 10

Statutes

28 U.S.C. §1332(d) ........................................................ 2

Article III, Section 3 of the California Constitution ................................ 4

Cal. Gov. Code §§ 12940, et seq. ........................................................ 1

California Civil Code § 52(b)(2) ........................................................ 2

California Civil Code §§ 51.7, 52 and 52.1 ........................................................ 2

California Labor Code §226(a) ........................................................ 1

California Labor Code §226(a)(6) ........................................................ 2

California Labor Code §226(e) ........................................................ 1, 5, 7, 19

California Labor Code §432 ........................................................ 4

California Labor Code §2699 ........................................................ 12

California Labor Code §2699(f)(2) ........................................................ 3

Class Action Fairness Act, 28 U.S.C. §1332(d) ........................................................ 3

Rules

Fed. R.Civ. Pro 30(b)(6) ............................................................. 4

Federal Rule of Civil Procedure 23(e) ....................................... 1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Patricia Pelton ("Plaintiff") submits this memorandum in support of the motion for award of attorneys' fees and costs. The Court should approve the award of fees, costs and expenses in the amount of $ 248,933.36, as this amount is fair, adequate, reasonable and unopposed by Defendants Panda Restaurant Group, Inc. and Panda Express, LLC (collectively, "Panda" or "Defendants").

## II.

## BACKGROUND

### A.    Plaintiff Files a Hybrid Complaint in Superior Court

This lawsuit originally was filed in the Los Angeles County Superior Court on September 29, 2010. The Verified Class Action Complaint ("Complaint") alleged that Panda violated *Labor Code* § 226(a) by failing to show inclusive dates of pay periods on Panda's wage statements.  (*See* Declaration of William S. Waldo ("Waldo Decl."), ¶ 3) On that basis, the Complaint alleged the following claims on behalf of Plaintiff and the putative class of similarly situated employees: (1) failure to furnish accurate wage statements in violation of *Labor Code* § 226(a) and (2) penalties under PAGA ("Class Claims").  (Waldo Decl., ¶ 3)  In connection with the Class Claims, the Complaint sought statutory penalties under *Labor Code* § 226(e), civil penalties under PAGA, attorneys' fees and costs of suit. (Waldo Decl., ¶ 3)

In addition, Plaintiff individually alleged claims against Panda and Jason Wong ("Wong"), Plaintiff's former supervisor, in connection with the termination of her employment from Panda.   (Waldo Decl., ¶ 4)  Specifically, Plaintiff alleged the following individual claims in the Complaint: (1) harassment (hostile work environment) in violation of the California Fair Employment and Housing Act, Cal. *Gov. Code* §§ 12940, *et seq.* ("FEHA"); (2) failure to prevent

harassment/discrimination in violation of FEHA; (3) retaliation in violation of
FEHA; (4) civil rights violations under California *Civil Code* §§ 51.7, 52 and 52.1,
and (5) wrongful termination in violation of public policy (collectively, "Individual
Claims"). (Waldo Decl., ¶ 4)  The Complaint sought the following damages in
connection with Plaintiff's Individual Claims: lost wages, bonuses and benefits;
physical and emotional injuries; punitive damages; $25,000.00 in penalties
pursuant to California Civil Code § 52(b)(2); attorneys' fees and costs; and pre-
and post-judgment interest.  (Waldo Decl., ¶4)

Panda removed this action to federal court on November 5, 2010 under the
Class Action Fairness Act, 28 U.S.C. §1332(d).  (Waldo Decl., ¶ 5)

**B**.    **Plaintiff Dismisses the Individual Defendant and her Individual
Claims**

On February 17, 2011, Plaintiff filed an Amended Notice of Dismissal of
Jason Wong, dismissing Wong from the Action without prejudice. (Waldo Decl., ¶
6) Thereafter, on June 10, 2011, Plaintiff filed a Request for Dismissal of Claims
One-Five of the Verified Complaint, which sought to dismiss the individual claims
without prejudice. (Waldo Decl., ¶ 6) Thereafter on June 27, 2011, the Court
dismissed the Individual Claims without prejudice. (Waldo Decl., ¶ 6)

**C.**    **The Court Certifies a PAGA Class and Orders Notice of the
Action to be Mailed to the Class**

On May 3, 2011, the Court certified a class defined as follows:

> All persons employed by Panda Restaurant Group, Inc.,
> or Panda Express, LLC in California from August 27,
> 2009 to August 27, 2010, who, at the time of each
> payment of wages, were not furnished with an accurate
> itemized statement in writing showing 'the inclusive
> dates of the pay period for which the employee is paid' as
> required by Labor Code § 226(a)(6), entitling members

1    of the Class to recover penalties pursuant to Labor Code

2    § 2699(f)(2).

3 (Waldo Decl., ¶ 7)

4    Plaintiff did not seek to certify a class for purposes of seeking statutory

5 penalties under *Labor Code* § 226(e). (Waldo Decl., ¶ 7)

6    On May 24, 2011, Defendants filed a Motion for Reconsideration of the

7 Court's Class Certification Order. (Waldo Decl., ¶ 8)  On May 31, 2011, Plaintiff

8 filed her Opposition to Defendants' Motion for Reconsideration. (Waldo Decl., ¶

9 8)  By Order dated June 20, 2011, the Court denied Defendants' Motion for

10 Reconsideration.  (Waldo Decl., ¶ 8)

11    On July 25, 2011, the Court approved the Parties' proposed Notice of Class

12 Action.  (Waldo Decl., ¶ 9)  Shortly thereafter, Panda provided an electronic list of

13 names and last known addresses for Class Members to Simpluris, Inc. ("Claims

14 Administrator").  (Waldo Decl., ¶ 9)  According to the reports filed by the Claims

15 Administrator, the Claims Administrator processed and updated the addresses

16 provided by Panda using the National Change of Address Database maintained by

17 the U.S. Postal Service. (Waldo Decl., ¶ 9)   The Claims Administrator mailed the

18 notice to 10,560 potential Class Members on August 15, 2011. (Waldo Decl., ¶ 9)

19 The Claims Administrator performed skip traces to obtain current addresses for

20 868 Class Members whose notices were returned as undeliverable.  (Waldo Decl.,

21 ¶ 9)  On September 14, 2011, the Claims Administrator mailed notice to 552

22 potential Class Members for whom it was able to locate current addresses.  (Waldo

23 Decl., ¶ 9)

24    **D.    Discovery and Investigation Conducted By Plaintiff**

25    Substantial discovery and investigation was conducted concerning the facts

26 and law during the prosecution of this action.  (Waldo Decl., ¶ 10) Plaintiff's

27 Counsel interviewed putative class members and gathered information and

28 documents related to the claims at issue.  At the conclusion of its extensive pre-

---

filing investigation, Plaintiff's Counsel filed suit on those claims substantiated by the investigation.  (Waldo Decl., ¶ 10) Plaintiff's counsel also conducted other discovery and investigation, including:

- exchanging and reviewing initial disclosures and document production  with Defendants, including wage records and policy documents, responses to requests for admissions and responses to interrogatories; and
- reviewing documents produced in response to a request for personnel records and wage records pursuant to *Labor Code* §§ 432 and 226(b); and
- taking the depositions of Gigi Cheng and Bryan Lim – the Fed. R.Civ. Pro  30(b)(6) witnesses testifying on behalf of Defendants regarding Panda wage statements; and
- reviewing documents Defendants filed as exhibits to declarations in opposition to motions for class certification and reconsideration of class certification; and
- conducting extensive legal research of the law as applied to the facts discovered regarding Plaintiff's claims and damages and potential defenses thereto; and
- conducting meetings and discussions with representatives of the parties; and
- conducting witness interviews.

 (Waldo Decl., ¶ 10)

### E.    Panda Files Dispositive Motions

On January 17, 2012, Panda filed a Motion for Judgment on the Pleadings, in which Panda sought dismissal of Plaintiff's Class Claim for PAGA penalties on the ground that PAGA violates Article III, Section 3 of the California Constitution (the separation of powers doctrine).  (Waldo Decl., ¶ 11) Panda filed a Motion for

1  Summary Judgment, or Alternatively, Partial Summary Judgment on January 30,
2  2012, in which Panda asked the Court to exercise its discretion under PAGA to
3  award no penalties for its inadvertent, harmless wage statement error.  (Waldo
4  Decl., ¶ 11) Panda also sought judgment of Plaintiff's individual claim for
5  statutory penalties under *Labor Code* § 226(e) on the ground that Plaintiff did not
6  suffer injury as a result of the omission of the beginning dates of the pay periods
7  on her wage statements. (Waldo Decl., ¶ 11)  Both motions were scheduled to be
8  heard on March 19, 2012. (Waldo Decl., ¶ 11)

9      Plaintiff's oppositions to Defendants' motions for judgment on the pleadings
10 and for summary judgment were due on February 27, 2012. (Waldo Decl. , ¶ 12)
11 By the time that the parties reached a tentative settlement of this matter at the
12 mediation on February 17, 2012 (Waldo Decl., ¶ 12), Plaintiff's counsel had
13 expended a substantial number of attorney hours preparing the oppositions to the
14 motions. (Waldo Decl., ¶ 12)

15      **F.    The Parties Negotiate a Settlement Through Mediation**

16      On February 17, 2012, the parties, by and through their counsel, and
17 pursuant to mediation, agreed to settle the action. (Waldo Decl., ¶ 13)   The parties
18 prepared for and appeared for a full-day mediation. (Waldo Decl., ¶ 13)  The
19 parties used Michael Wolfram, from the Court's panel of mediators, to mediate the
20 case.  (Waldo Decl., ¶ 13)  Mr. Wolfram is a highly regarded mediator who
21 practiced labor and employment law with the law firm Morgan, Lewis & Bockius,
22 LLP for 26 years and is well-versed in wage and hour class action lawsuits. (Waldo
23 Decl., ¶ 13)

24      Mediator Wolfram advised the parties that, in his judgment, the proposed
25 settlement was a fair and reasonable resolution of the lawsuit. (Waldo Decl., ¶ 13)
26 The settlement was reduced to writing and executed by all of the Parties in a Joint
27 Stipulation of Class Action Settlement ("Stipulation of Settlement").   A true and
28 correct copy of the Stipulation of Settlement is attached to the Waldo Declaration

as Exhibit ("Exh.") "A." (Waldo Decl., ¶ 13; Exhibit ("Exh.") "A")

The terms of the Settlement are as follows:

### 1.    Class Definition

The Parties agreed to expand the Class definition to include employees who were hired between August 28, 2010 and September 21, 2010 (the date on which Panda modified its wage statements to include the beginning date of the pay period). (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ I.E.)

### 2.    Class Settlement Amount

The Class Settlement Amount will be calculated as follows: $80.00 multiplied by the number of Class Members who do not opt out. (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.A.) Because there are approximately 10,000 Class Members, the Class Settlement Amount will be approximately $800,000.00. (Waldo Decl., ¶ 14)

### 3.    PAGA Penalty Award to the LWDA

Seventy-five percent (75%) of the Class Settlement Amount will be paid to the California Labor and Workforce Development Agency ("LWDA") as PAGA penalties. (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.B.) The remaining 25 percent (25%) of the Class Settlement amount is referred to as the "Net Settlement Amount." (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ I.L.)

### 4.    Individual Settlement Awards

Each Class Member who does not opt out will be entitled to receive a portion of the Net Settlement Amount based on the number of wage statements that he or she received during the Class Period, which is defined as August 27, 2009 to September 21, 2010. (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.C.) Specifically, each wage statement that Panda furnished to Class Members who do not opt out will be assigned a penalty value, which is referred to as the "Baseline Wage Statement Penalty." (Waldo Decl., ¶ 13; Exh."A" to Waldo Decl., ¶ V.C.) The Baseline Wage Statement Penalty is calculated by dividing the Net Settlement

Amount by the total number of wage statements that were furnished to Class Members who did not or do not opt out without the inclusive dates of the pay period during the Class Period.  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ I.B.)  Each Class Member who does not opt out shall be entitled to an Individual Settlement Award that is calculated by multiplying the Baseline Wage Statement Penalty by the number of wage statements issued to that Class Member.  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.C.)

### 5.   Additional Settlement Payment to Plaintiff

In addition to the Individual Settlement Award, Panda agreed to pay Plaintiff $4,000.00 in settlement of her individual claim for statutory penalties under *Labor Code* § 226(e).  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.D.)

### 6.   Attorneys' Fees, Costs and Expenses

Class Counsel will be responsible for moving to recover attorneys' fees, costs and expenses if any.  Panda will not oppose Class Counsel's motion for an award of past and future attorneys' fees, costs and expenses not to exceed the amount of $250,000.00.  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.E.)

### 7.   Class Representative Enhancement Fee

Panda will not oppose Class Counsel's request for a class representative enhancement fee to Plaintiff in an amount not to exceed $5,000.00.  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.F.)

### 8.   Claims Administration

The Claims Administrator will send out notice to the Class members, post relevant court filings on its website, including Plaintiff's motion for attorneys' fees and costs, to resolve any conflicts of membership in the proposed Class, and to mail the settlement checks to the authorized claimants.  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ VI.A.)  Panda agreed to pay actual claims administration costs and fees up to $63,000.00.  (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.G.)

The settlement reached by the parties as reflected in the Stipulation was the result of intensive, arms length negotiations. (Waldo Decl., ¶ 15)   There were no side deals between counsel concerning the settlement before, during or after the mediation. (Waldo Decl., ¶ 15)   At the mediation, Plaintiff's counsel refused to even discuss any issue concerning attorneys' fees and costs until there was substantially a final agreement on the amount of PAGA penalties that Defendants would pay. (Waldo Decl., ¶ 15)  Moreover, Plaintiff's counsel refused to negotiate any attorneys' fees provision which required attorneys' fees be paid from a common fund which would have been reduced by the amount that the Court awarded for attorneys' fees and costs. (Waldo Decl., ¶ 15)

The amount of PAGA penalties paid by Defendants pursuant to the settlement reflected in the Stipulation of Settlement is not affected at all by the attorneys' fees, costs, and expenses awarded by the Court.  (Waldo Decl., ¶ 15) Plaintiff also proposed moving for an award of attorneys' fees, costs and expenses in an amount not to exceed $250,000.00, a figure which Defendants have agreed not to oppose. (Waldo Decl., ¶ 15)

**G.**	**The Court Preliminarily Approves the Class Action Settlement**

On March 26, 2012, the Court heard the Parties' Motion for Preliminary Approval of Class Action Settlement and concluded that the Stipulation of Settlement and proposed Notice of Class Action Settlement and Hearing Date ("Notice") appeared to be within a range that ultimately could result in final approval. (Waldo Decl., ¶ 16)

**III.**

**ARGUMENT AND AUTHORITIES**

**A.**	**The Settlement is "Fair, Adequate and Reasonable" and Should Be Granted Final Approval**

It is well established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v.*

*Civil Svc. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  "[T]here is an overriding public interest in settling and quieting litigation" and this is "particularly true in class action suits."  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).  In evaluating a proposed class action settlement, the Ninth Circuit has recognized that:

> [T]he universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable. The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625 (citations omitted); *accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).  As set forth below, this settlement is fair, reasonable and adequate.

## 1.  <u>The Risk and Expense of Continued Litigation</u>

While Plaintiff believes her case against Defendants is strong, the settlement eliminates significant risks she would face if the action were to proceed against Defendants.  For instance, Plaintiff would bear the burden of establishing liability, impact and damages.  Thus, the settlement is in the Class's best interest because it eliminates the risks of continued litigation, while at the same time creating a significant cash recovery.

As described above, this case has been vigorously litigated. Class Counsel interviewed several witnesses and analyzed records produced by Defendants. (Waldo Decl., ¶¶ 17-20) Class Counsel determined that settling the claims against Defendants is in the best interest of the Class.  The settlement provides an

---

immediate and significant cash benefit to Class Members and avoids the risk of a trial relating to the amount of provable damages.  For all of these reasons, the settlement obtained is certainly "fair, adequate  and reasonable" to the Class.

### 2.    Strength of Plaintiff's Case

One important factor in evaluating the fairness and adequacy of the settlement is the strength of plaintiff's case and the likelihood of a significantly larger recovery after the completion of the trial and any subsequent appeals. *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1145 (2000).

This Agreement is the product of arms-length, non-collusive negotiations attended by experienced class counsel.  (Waldo Decl., ¶ 15) Counsel's judgment that the Settlement is fair and reasonable is entitled to great weight.  *Officers for Justice*, 688 F.2d at 625; *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 288-89 (D.Colo. 1997).

The outcome of the litigation was far from certain. Indeed, Defendants deny liability for any of the claims asserted by Plaintiff and claim they cured the "alleged wrongs" soon after the action was filed.  This case is unusual in that the facts are largely undisputed; however, the legal consequences and the damages caused by such facts are highly disputed.  Defendants contend that the violations asserted by Plaintiff are inadvertent and that Plaintiff and the Class Members either have no damages whatsoever or have very low damages as a result of their receipt of inaccurate wage statements.

Plaintiff contends on the other hand that she and the Class Members did accrue damages and that the penalties accrue regardless of actual damages. However, both sides agree that the final amounts of damages and penalties could be assessed at anywhere from zero to tens of thousands of dollars, and that the amount that could be awarded is highly speculative.  In light of Defendants'

pending Motion for Judgment on the Pleadings and Motion for Summary Judgment, and the considerable risk the damages would be very low, a compromise of the Class claims was warranted.  Thus, the settlement is in the Class's best interest because it eliminates the risks of continued litigation, while at the same time creating a significant cash recovery.

### 3.   The Amount Offered in Settlement

In determining whether a proposed settlement is reasonable and adequate, appellate courts apply the following analysis:  "It is well settled that in the judicial consideration of proposed settlements, 'the [trial] judge does not try out or attempt to decide the merits of the controversy', and the appellate court 'need not and should not reach any dispositive conclusions on the admittedly unsettled legal issue'." *7-Eleven Owners for Fair Franchising v. Southland Corp*., 85 Cal. App. 4th at 1146 (quoting *Detroit v. Grinnell Corp*., 495 F.2d 448, 456 (2d Cir. 1974).

Here, the settlement amount of approximately $800,000.00 is an excellent result given the posture of the case as well as the risks and other problems that Plaintiff faced in this litigation, including the highly speculative nature regarding amount of damages, which both sides agree could be assessed anywhere from zero to tens of thousands of dollars.

### 4.   The Extent of Discovery Completed and the Stage of the Proceedings

As set forth above, Plaintiff has conducted sufficient investigation and discovery to allow her to accurately assess the strengths and weaknesses of the case and make an informed decision as to whether the settlement is in the Class's best interest.

### 5.   The Experience and Views of Counsel

Class counsel, Bononi Law Group, LLP, specializes in class action and employment litigation and, based on the collective experience of its attorneys, believes that the settlement is in the best interest of the Class.  Class counsel used

its experience in wage and hour and class action litigation to fully analyze the risks and opportunities for success on the issues of class certification, liability and damages.

### 6.   The Presence of a Government Participant

There are no government entities participating in the settlement agreement. The Agreement, however, provides for 75 percent (75%) of the Class Settlement Amount to be paid to the California LWDA ("LWDA") as PAGA penalties. (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.B., ) The remaining 25 percent (25%) of the Class Settlement amount will be split among members of the class, pursuant to PAGA, *Labor Code* § 2699 et seq.

### 7.   The Proposed Enhancement Award is Proper

The Settlement Agreement provides for an enhancement award of $5,000.00 to Plaintiff as the class representative. (Waldo Decl., ¶ 13; Exh. "A" to Waldo Decl., ¶ V.D., ).  Courts have acknowledged that active litigants are entitled to be compensated for bearing the risk and time to represent others. *Wietzke v. Costar Realty Info., Inc.*, 2011 U.S. Dist. LEXIS 20605 at *2, *19-20 (S.D. Cal. Mar. 2, 2011); *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997) ("Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation."); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal.1995) (approving $50,000.00 participation award). Where class representatives are provided with special compensation as part of a class settlement, the Court should ensure that it is fair and reasonable.  However, "[i]t is the complete package, taken as a whole, rather than the individual component parts, that must be examined." *Officers for Justice*, 688 F.2d at 628.

Here, the named plaintiff spent significant amounts of time on this matter, time that unnamed class members did not spend, in addition to taking the risk that future employment, whether with Defendants or another corporation in California,

1   also would be jeopardized by active participation in this litigation.  This

2   expenditure of time weighs heavily in favor of the proposed incentive awards.

3          Plaintiff performed the following tasks that took substantial amounts of

4   time:

5          •       attending lengthy personal meetings with counsel on evenings and

6                  weekends to assist counsel with the case;

7          •       providing assistance to counsel in locating other employees and

8                  former employees with relevant information and in arranging

9                  interviews between counsel and the potential class members;

10         •       assisting counsel in preparing for depositions;

11         •       being deposed in a lengthy deposition;

12         •       attending and participating in a mediation.

13  (Waldo Decl., ¶ 21)

14              8.      **The Proposed Payment to the Claims Administrator is**

15                      **Reasonable and Proper**

16         The Claims Administrator will send out notice to the class members, post

17  relevant court filings on its website, including Plaintiff's motion for attorneys' fees

18  and costs, to resolve any conflicts of membership in the proposed class, and to mail

19  the settlement checks to the authorized claimants.  (Waldo Decl. ¶ 13; Exh. "A"  to

20  Waldo Decl., ¶ VI.A.)  Panda agreed to pay actual claims administration costs and

21  fees up to $63,000.00.  (Waldo Decl., ¶ 13; Exhibit "A" to Waldo Decl., ¶ V.G.)

22       B.      **The Amount Of Attorneys' Fees, Costs and Expenses Is**

23               **Reasonable**

24         Pursuant to the terms of the Settlement Agreement, Plaintiff seeks attorneys'

25  fees, costs and expenses in the amount of $248,933.36.  Panda does not oppose this

26  amount. (Waldo Decl., ¶ 13)  The attorneys' fees, costs and expenses are to be paid

27  directly by Panda, will not come out of the fund, and are, therefore, less than the 25

28  percent (25%) benchmark established by the Ninth Circuit.  *Vizcaino v. Microsoft*

*Corporation,* 290 F.3d. 1043, 1047 (9th Cir. 2002).

The district court has broad discretion in assessing the reasonableness of attorneys' fees in class actions. *In re FPI/Agretech Securities Litigation*, 105 F.3d 469, 472 (9th Cir.1997).  Such a fee is intended to reward class counsel not only for the hours they spent on the case to the date of the settlement, but for carrying the financial burden of the case, effectively prosecuting it and achieving a just settlement for the class. *Torrisi*, 8 F.3d at 1376-77.

### 1.   <u>The Amount of Hours Worked Is Reasonable</u>

To support this motion and the specific request for fees, Plaintiff's counsel has submitted the Declaration of  William S. Waldo, which describes the work done by Bononi Law Group.  Should the Court so request, Plaintiff's Counsel also will submit its actual billing records under seal, to be reviewed by this Court *in camera*.

The Waldo Declaration constitutes sworn evidence that the attorneys actually expended the time for which compensation is sought.  "Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case. . . . " *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988).  For a court to deny compensation, "it must appear that the time claimed is *obviously and convincingly excessive under the circumstances.*" *Id.* (emphasis added) "The applicant need not detail how each minute was expended; rather counsel should identify "the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437, n. 12 (1983).  As another court has put it, "a fee petition should include 'some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3rd Cir. 1990).  "However, 'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was

devoted nor the specific attainments of each attorney.'" *Id.* at 1190.

As explained in further detail in the attached Waldo Declaration and above, the number of hours Plaintiff's counsel worked in reviewing and propounding discovery, preparing for, taking and defending depositions, filing the Motion for Class Certification and successfully opposing Defendants' Motion for Reconsideration of the Court's Class Certification Order, preparing Oppositions to Defendants' Motion for Judgment on the Pleadings and Motion for Summary Judgment, in addition to pre-filing investigation, is more than reasonable.

After this Court Certified the Defective Wage Statement Class on May 3, 2011, Panda made no settlement offer whatsoever.  By the time the parties reached settlement on February 17, 2012, Plaintiff's Counsel had expended substantial attorney hours in prosecuting this action.

### 2.   The Hourly Rates are Reasonable

Ordinarily, the reasonable rate is determined based on the legal market in the community where the district court sits.  *See Davis v. Mason County*, 927 F.2d 1473, 1488 (1991).  In this case, the district judge sat in the United States District Court for the Central District of California, in Los Angeles, California.  In determining the prevailing market rate, the Court should pay "close attention" to "the fees charged by 'lawyers of reasonably comparable skill, experience, and reputation.'" *Davis*, 976 F.2d at 1545-46 (internal quotations and citations removed).

The hourly rates sought by Plaintiff's counsel are justified by reliance on their usual hourly rates and billing practices, recent court orders granting fee awards, and other fee awards to attorneys of similar experience. In this case, the attached Waldo Declaration demonstrates that the hourly rates used by Plaintiff are in line with the market rates in the Los Angeles legal community for similar services performed by attorneys of comparable skill, experience and reputation.

"A convenient and logical starting place for the court is hourly rates

---

normally charged by the applicant." *Vaughns v. Board of Educ.*, 598 F. Supp.
1262, 1280 (D. Md. 1984); see also *White v. City of Richmond*, 713 F.2d, 458, 461
(9th Cir. 1983) ("Evidence of counsel's customary hourly rate may be considered
by the district court").  As set forth in the Waldo Declaration, Bononi Law Group,
LLP is seeking its normal hourly rates.  As verified by the Waldo Declaration, the
Bononi Law Group hourly rates are consistent with the attorneys' fees rates of
comparable law firms in Southern California who specialize in employment
litigation.

Plaintiff also is entitled to recover for hours worked by paralegals at market
rates separate from the attorneys' services. *Missouri v. Jenkins*, 491 U.S. 274
(1989); *Salton Bay Marina, Inc. v. Imperial Irrigation District*, 172Cal.App. 3d
914, 951 (1985).  Here it is the prevailing practice in the legal community for law
firms to bill for paralegal time separately from attorney time.  (Waldo Decl., ¶ 68)
Plaintiff therefore is entitled to recover the value of paralegal time in the amount of
$3,087.50.  (Waldo Decl., ¶¶ 68-70)

**3.**    **Attorney Hours Worked and Hourly Rates Through May
31, 2012**

The hourly rates and the hours of work performed by Bononi Law Group
attorneys through May 31, 2012 are set forth below:

| Attorney | Position | Year of Law School Graduation | Billable Hours | Billable Rate | Total |
|---|---|---|---|---|---|
| William S. Waldo | Partner | 1976 | 101.10 | $700.00 | $70,770.00 |
| Michael J. Bononi | Partner | 1987 | 3.40 | $625.00 | $2,125.00 |
| Peter C. Flanderka | Partner | 1989 | 57.60 | $525.00 | $30,240.00 |

| Vincent Calderone | Partner | 1992 | 214.00 | $450.00 | $96,300.00 |
|---|---|---|---|---|---|
| Anne Kelson | Associate | 2008 | 97.00 | $300.00 | $ 29,100.00 |
| Christy Granieri | Associate | 2009 | 7.90 | $300.00 | $ 2,370.00 |

| Lisa Bononi | Paralegal | Paralegal Experience- 25 + years | 24.70 | $125.00 | $3,087.50 |
|---|---|---|---|---|---|
| Totals | | | | | $233,992.50 |

### 4. <u>Plaintiff Has Limited The Attorneys' Fees Request To Work Related To the Defective Wage Statement Class Claims</u>

Plaintiff's Motion seeks recovery of attorneys' fees for work performed to prosecute the claims of the Defective Wage Statement Class.  Plaintiff's Motion **does not** seek an attorneys' fee recovery for attorney time spent on Plaintiff's individual claims.  In addition, Plaintiff does not seek attorneys fees for excessive or duplicative attorney time.  Based on the foregoing criteria, a total of 199 hours of attorney time that was worked by Bononi Law Group on this lawsuit is not included in this Motion.

### C. <u>Plaintiff's Request for Reimbursement of Costs and Expenses is Reasonable and Proper</u>

As set forth in the Waldo Declaration, Plaintiff's counsel has, as of May 31, 2012, incurred $14,940.86 in unreimbursed expenses in prosecuting this case.  Those costs and expenses are summarized below and detailed in counsel's declaration.  All of these costs and expenses were reasonable and necessary to bring this case to closure.  (Waldo Decl., ¶ 72)

Courts routinely reimburse class counsel for the costs incurred in

1  prosecuting cases on a contingent fee basis.  See *In re Business and Sec. Litig.*,

2  1991 U.S. Dist. LEXIS 8962 *2, 7-9 (N.D. Cal. June 14, 1991); *In re Warner*

3  *Communications Sec.Litig.*, 618 F.Supp. 735 (S.D.N.Y. 1985), aff'd, 798 F.2d

4  35(2d. Cir. 1986);  *In re GNC Shareholder Litig.*, 668 F.Supp. 450, 452 (W.D. Pa.

5  1987).  The recovery of costs is to include all out of pocket costs not part of

6  overhead which are typically billed to a client. *Bussey v. Affleck*, 225 Cal.App.3d

7  1162 (1990). All of the categories of costs sought here are typically billed to a

8  client.  (Waldo Decl., ¶ 72)

9       In *Grove v. Wells Fargo Financial California*, 606 F. 3d 577 (9th Cir. 2010),

10  the Ninth Circuit reiterated that where, as here, a fee shifting statute entitles a party

11  to "attorneys' fees," those "attorneys' fees" include litigation expenses:  "We have

12  interpreted [*Missouri v. Jenkins*, 491 U.S. 274 (1989)] to mean that 'reasonable

13  attorneys' fees' include litigation expenses . . . when it is 'the prevailing practice in

14  a given community' for lawyers to bill these costs separate from their hourly rates"

15  606 F. 3d at 580.

16       As set forth in the Waldo Declaration, it is the prevailing custom and

17  practice in the legal community for lawyers such as the Bononi Law Group to bill

18  and seek reimbursement for taxable and non-taxable costs and litigation expenses.

19  As set forth in detail in ¶72 of the Waldo Declaration, Plaintiff seeks

20  reimbursement of taxable and non-taxable costs and expenses totaling $14,940.86.

21  The costs and expenses for which reimbursement is sought include: the mediator's

22  fee; deposition transcript costs; court filing fees; fees for process servers and

23  messengers; the cost of the Claims Administrator, Simpluris, to send notices to the

24  class; Westlaw online research charges; copying and facsimile costs; transcript

25  costs for court hearings; postage, and mileage and parking to attend depositions

26  and court hearings. (Waldo Decl., ¶72)

27       Finally, under the terms of the Settlement Agreement and this Court's

28  preliminary approval of the settlement, Defendants have agreed to pay Plaintiff a

class representative enhancement in the amount of $5,000.00 and $4,000.00 to settle her individual claims brought pursuant to Labor Code Section 226(e). Plaintiff asks this Court to order these payments as part of its award of attorneys' fees and taxable and non-taxable costs and expenses.

## IV. <u>CONCLUSION</u>

The attorneys' fees, costs and expenses reported are reasonable and appropriate and should be granted by the Court.


Dated: June 1, 2012                        BONONI LAW GROUP, LLP


                                           By:    /s/ William S. Waldo, Esq.
                                                  William S. Waldo
                                                  Peter C. Flanderka
                                                  Attorneys for Plaintiff
                                                  Patricia Pelton